337 So.2d 286 (1976)
Thomas L. SANDERS et ux., Plaintiffs-Appellees,
v.
WESTERN CASUALTY & SURETY COMPANY et al., Defendants-Appellants.
No. 12986.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Rehearing Denied September 27, 1976.
*287 Wilkinson, Carmody & Peatross, by Arthur R. Carmody, Jr., Shreveport, for defendants-appellants.
McKneely & McKenzie, by Roland V. McKneely, Jr., Bossier City, for plaintiffsappellees.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied September 27, 1976.
BOLIN, Judge.
Mrs. Jane Sanders was injured when a car in which she was riding collided with an automobile insured by Western Casualty & Surety Company. Mrs. Sanders and her husband seek damages for the wife's personal injuries and the expenses incurred by the community. The wife obtained judgment against the insurer and the driver of the other car for $7,500, and the husband was awarded $475.64. Defendants appeal claiming the awards to both Mr. and Mrs. Sanders were excessive. We amend the judgment by reducing the award to the wife.
Since defendants' liability has been admitted, the only issue is whether the amount of either award was so excessive as to constitute an abuse of discretion by the trial judge.
Mrs. Sanders was injured in a minor automobile collision. Immediately after the accident she told the investigating officer she was not hurt. However, soon after going back to her home she began having headaches and said she attempted to call a doctor. The first time she was seen and examined by a physician was eight days later. This doctor, an orthopedist, testified that upon his initial examination he concluded she was suffering from a strain to the neck portion of her spine, which he attributed to the accident. He prescribed a muscle relaxant and a painkiller. She complained of headaches and pain in the region of her shoulder and neck when he saw her again about 13 months later. At this second visit he gave her a complete physical examination and concluded her pain could be the result of her automobile accident although the objective symptoms were "not very pronounced."
*288 Approximately five weeks following the accident Mrs. Sanders was seen by a neurologist to whom she was referred by the orthopedist. This specialist gave her a complete examination and stated he found nothing "remarkable except for the spasm and tenderness of the neck muscles." He noted her complaints of headaches and gave her antidepressant medication. He examined her again about one month later and found her headaches had improved. Mrs. Sanders was seen by this doctor five additional times, the last visit being approximately 13 months after her injury. His final conclusion was that she had suffered from headaches and pain in the cervical area which had lessened and become almost non-existent at the time of his last examination. He said her pain was consistent with the "history the patient gave him of being involved in a car wreck."
Mrs. Sanders was also examined approximately 15 months after the accident by a second neurologist. She gave him a history of severe headaches and neck pains. After giving her a thorough examination he could find no objective symptoms to justify her complaints. He said he could find no cause for her headaches but that her complaint of neck pain was consistent with the car wreck and his physical examination.
Numerous lay witnesses testified that Mrs. Sanders had changed noticeably since the accident. They said she had formerly been active, happy and outwardly free from pain, but since the wreck she had constantly complained of headaches, she was irritable, and had undergone a complete personality change.
The trial judge in his written opinion said ". . . it was observed that while on the witness stand she [Mrs. Sanders] was very nervous and became upset . . ."
Louisiana Civil Code Article 1934(3) provides that in assessing damages for offenses or quasi offenses much discretion must be left to the judge or jury. Beginning with Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), our courts have consistently held this Civil Code article means what it so clearly provides. In this case we must examine the award in line with our constitutional duty to review both the law and the evidence in order to determine if the award is so excessive as to constitute an abuse of the much discretion granted the trial judge. Our duty is not to examine the award to determine if it is consistent with awards in similar cases.
We are convinced the great weight of the evidence does not support the amount of the award. Considering the medical evidence in a light most favorable to Mrs. Sanders, she has no permanent disability. Contrary to appellants' contention, we find the lay testimony should be considered even in the absence of conflicting medical testimony. Tantillo v. Liberty Mutual Insurance Co., La., 315 So.2d 743 (1975). The medical and lay testimony convinces us Mrs. Sanders suffered headaches and neck pains which were temporarily severe but had practically disappeared within 13 months following the accident. Under this finding the award to her of $7,500 for her personal injuries constituted an abuse of discretion and we reduce this amount to $5,000 which we consider to be in the upper level of a proper award.
The award to the husband was for the payment of medical bills. Appellants contend some of the medical examinations were unnecessary. We disagree with this contention since Mrs. Sanders was justified in searching for a cause of her suffering.
The judgment is amended by reducing the award to Mrs. Jane Sanders from $7,500 to $5,000 and as amended the judgment is affirmed at appellants' cost.