SCHOTT, Judge.
Plaintiff has appealed from a judgment in his favor seeking an increase in the damages awarded. The issue is whether he is entitled to recover expenses he incurred for extensive medical tests for cancer, and general damages for his fear or emotional distress over the possibility of having cancer where cancer symptoms were not caused by the accident but were discovered incidentally when plaintiff was examined for injuries he sustained in the accident.
Plaintiff was struck by defendants’ automobile on October 11, 1975, and was brought to Charity Hospital for emergency treatment. On October 14 he consulted his private physician who, in turn, referred him to an orthopedic surgeon, Dr. Earl J. Rozas. He found contusions on plaintiff’s right hip and right shoulder area with partial separation of the right shoulder. During the course of the examination Dr. Rozas also discovered some cysts in the right hip which suggested the possibility of malignancy and led Dr. Rozas to recommend a bone scan. This revealed isotope localizations (referred *1272 to as “hot spots”) in the left hip, the right sacroiliac joint, the lower thoracic vertebrae in the region of T-10, and the right shoulder which further suggested the possibility of cancer and led Dr. Rozas to refer plaintiff to an internist, Dr. Hak Kian Oei.
Dr. Oei admitted plaintiff to the hospital where extensive tests for cancer were performed over a six day period. All of these were negative except that his prostate showed an elevated acid phosphatase which Dr. Oei felt might be an indication of cancer. However, the next diagnostic step would be a biopsy from the prostate which Dr. Oei preferred to postpone for a few weeks. Plaintiff was readmitted to the hospital in January, 1976, for the biopsy but when tests showed that the acid phosphatase in his prostate was now within normal limits the biopsy was no longer necessary. On the basis of extensive testing, including a bone scan which revealed only one area of abnormality thought to be the result of trauma, cancer was ruled out by Dr. Oei.
The trial court awarded plaintiff $4,000 in general damages and medical expenses limited to Charity Hospital and the initial treatment by Dr. Rozas prior to plaintiff’s hospitalization. In his reasons for judgment the trial court specifically declined to include in the award the expenses incurred in the hospitalizations because he concluded that these were not caused by the accident. On appeal, plaintiff contends that he is entitled to recover these special damages and an increase in general damages to compensate him for his mental anguish associated with the fear that he had cancer.
Plaintiff argues that once the hot spots were revealed by the bone scan he was entitled to find out if they were caused by the accident. He relies on Sanders v. Western Casualty & Surety Company, 337 So.2d 286 (La.App. 2nd Cir. 1976) and Loret v. Armour & Co. 32 So.2d 55 (La.App. 1st Cir. 1947) to support this argument. In both of these cases the plaintiffs underwent tests for complaints that continued to be related to the accident until the tests were made.
But in the instant case it was the discovery of the cysts in plaintiffs hip which led to the first bone scan and the evidence is uncontradicted that the cysts were not caused by the accident. Thus, the hospitalization and tests were precipitated by the discovery of the cysts and were carried out to determine if the cysts and subsequently discovered isotopes and prostate abnormality indicated that plaintiff had cancer. The tests were not performed to determine the effects of the accident.
Plaintiff also argues that his mental anguish was caused by the accident because without its occurrence the cysts would not have been discovered and the suggestion that he had cancer would not have been raised. The fallacy of this argument is in the failure to recognize that the cause in fact of plaintiff’s mental anguish was not defendant’s fault but the discovery of the cysts which was purely incidental to the examination conducted by Dr. Rozas to determine accident related problems.
Accordingly, the judgment is affirmed.
AFFIRMED.